## Stephen Allen v. A. C. Terrell, et al.

[Abstract Kentucky Law Reporter, Vol. 1—336.]

**Wills—Construction of Wills.**

Where a devise is to a named woman and the heirs of her body it creates an estate tail, and she will take an absolute estate; but where a devise is to a named woman for life with remainder to the heirs of her body, her children, who are the devisees of the remainder, will take an absolute estate.

**Rule in Shelley's Case.**

The rule in Shelley's case has never prevailed in this state.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

*October 21, 1880.*

Opinion by Judge Cofer:

It is clear that Mrs. Allen did not take under the will the same estate that she would have taken if her mother had died intestate (unless the will created in her an estate tail), as she took only a life estate by the terms of the will. It is equally clear that she did not take an estate tail. If the devise had been to her and the heirs of her body it would have created an estate tail, and she would have taken an absolute estate under our statute.

But the devise being to her for life with remainder to the heirs of her body, her children, who are the devisees of the remainder, took an absolute estate under the statute. Under the rule in Shelley's case she would have taken an estate in fee, but that rule never prevailed in this state. *Turman v. White,* 14 B. Mon. 450.

Nor do we think her husband is a devisee by implication, and entitled to curtesy in that character. The decisions in *Jacob v. Jacob,* 4 Bush 110, and *Johnson v. Jacobs,* 11 Bush 646, were rested upon the ground that the testator directed that the shares of his children, or such portion of the shares as were in contest in those cases, should, at the death of the child, be conveyed and paid to the descendants of such child, if any were living, "in the same manner as it would pass by the law of descent if it were to descend from him." The court held that as the testator had thus manifested his intention that his grandchildren should take as if they had inherited from their deceased parents, therefore he intended the surviving wife or husband of a deceased child should have dower or curtesy as if such deceased child had owned an estate of inheritance instead of an estate for life.

Whether this is not a *non sequitur*, and whether Judge Robertson's separate opinion, in the former case, does not rest upon the better ground we need not inquire, as the will in this case neither provides how the descendants of Mrs. Allen should take at her death, nor vested in her an equity which passed by descent from her to her children, which would have entitled her husband to curtesy. She had a naked life estate, and no more, and her children took under the will without regard to the law of descent, and derived nothing whatever from her, so that neither the ground upon which the prevailing or the minority opinion was made to rest in these cases has any existence in this case.

Wherefore the judgment is *affirmed*.

*John L. Scott, James A. Scott, for appellant.*

*Ira Julian, for appellees.*

[Cited, *Young v. Amburgy*, 27 Ky. L. 1079, 87 S. W. 802.]